RENDERED: MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2022-CA-0043-MR

DOY S. BEASLEY                                                        APPELLANT

v.
APPEAL FROM WARREN CIRCUIT COURT
HONORABLE DAVID A. LANPHEAR, JUDGE
ACTION NO. 20-CI-00960

DENISE MICHELLE BELK                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND LAMBERT, JUDGES.

COMBS, JUDGE: Following entry of the decree dissolving the parties' marriage,

Doy Shannon Beasley appeals the findings of fact and conclusions of law of the

Warren Circuit Court.

Beasley and Denise Michelle Belk were married in May 2018. In

August 2020, Belk filed a petition for dissolution of the marriage.

Months later, in January 2021, Belk filed a motion requesting that a guardian *ad litem* be appointed for Beasley as he was now incarcerated at the Butler County Jail in Morgantown. Her motion was granted, and a guardian *ad litem* was duly appointed in February 2021; Belk was ordered to pay the guardian's reasonable fees. In May 2021, with the assistance of his guardian *ad litem*, Beasley filed a response to the petition for dissolution.

In August 2021, the Warren Circuit Court ordered the Department of Corrections to make Beasley (now housed in Lee Adjustment Center in Beattyville) available by telephone for a final hearing to be conducted in November 2021. Beasley filed his pre-trial compliance, including a list of his monthly expenses; Belk filed a trial memorandum. After the hearing, the circuit court entered its findings of fact, conclusions of law, and decree of dissolution. Beasley, *pro se*, appealed.

On appeal, Beasley characterizes the family court's distribution of the couple's property as an unconstitutional taking without just compensation. He also argues that the court erred by failing to ensure that he was afforded an opportunity to be heard. Finally, Beasley contends that the family court violated the Canons of the Code of Judicial Conduct by failing to conform its decisions to the rule of law. We disagree with each of these assertions.

Despite his representations, Beasley was clearly afforded an opportunity to be heard. His interests were duly protected throughout the circuit court proceedings by the guardian *ad litem* requested by Belk and appointed by the court.

Where a party contests a family court's division of property, we must affirm if the court has not abused its discretion and has correctly applied the law to findings of fact that are supported by substantial evidence. *Gonzalez v. Dooley*, 614 S.W.3d 515 (Ky. App. 2020) (citing *Kleet v. Kleet*, 264 S.W.3d 610 (Ky. App. 2007)).

At its final hearing, the court heard extensive testimony from both Beasley and Belk concerning their interests in real property and various items of personal property. The family court is in a better position than the appellate court to evaluate that evidence. *McCain v. McCarty*, 611 S.W.3d 745 (Ky. App. 2020).

From the evidence, the family court concluded that Belk was entitled to retain her vehicle with equity of $250 and the marital home with equity of $2,874. Beasley was entitled to retain a truck with equity of $3,975. Additionally, Beasley was assigned a car characterized by the court as his non-marital property. Belk's bank account -- with a balance of less than $800 -- was awarded to her; Beasley's bank accounts were awarded to him as well as his account with the Lee Adjustment Center. Various items of personal property in Belk's possession were

awarded to Beasley; a designated individual was ordered to collect those items within 30 days. Beasley was ordered to return various items of personal property awarded to Belk. A 2020 tax refund was awarded to Belk on equitable grounds fully outlined by the family court. Debts were assigned to the party in whose name each had been incurred. Finally, partly because his reasonable needs were being satisfied, the family court denied Beasley's claim to maintenance. In view of the evidence presented, the family court's decision is not clearly erroneous; nor did the court abuse its discretion. Its order reflects a meticulous balancing of equities.

The family court's division of the couple's property was entirely proper and does not constitute a taking without just compensation. Because we reject Beasley's contention that the family court failed to follow the rule of law, we need not address his argument that the family court breached Canons of the Code of Judicial Conduct. Finally, we note without elaboration Beasley's contemptuous and wholly inappropriate remark indicating that "nothing within the confines of [his] brief would persuade this Court to act with fairness."

We affirm the judgment of the Warren Family Court.


ALL CONCUR.

BRIEF FOR APPELLANT:   BRIEF FOR APPELLEE:

Doy S. Beasley, *pro se*   Amber D. Burton
Beattyville, Kentucky    Bowling Green, Kentucky